Tony **TAHERI**, Plaintiff—Appellant,

v.

**EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISES, INC.,** Defendant—Appellee.

No. 06–35152.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2007.

Filed Aug. 31, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

78

Theodore J. Stepovich, Esq., Law Office of Ted Stepovich, Anchorage, AK, for Plaintiff–Appellant.

Brian Peters, Ford & Harrison, Los Angeles, CA, Patricia G. Griffith, Esq., Ford & Harrison, Atlanta, GA, for Defendant–Appellee.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Tony Taheri appeals the district court's grant of summary judgment in favor of Evergreen Aviation Ground Logistics Enterprises, Inc. ("Evergreen"), Taheri's former employer, on his claim of retaliation in violation of the Alaska Human Rights Act, Alaska Stat. §§ 18.80.200 *et seq.* We have jurisdiction under 28 U.S.C. § 1291, and we reverse.[1]

The Alaska Human Rights Act tracks federal civil rights law, *see Veco, Inc. v. Rosebrock,* 970 P.2d 906, 920 (Alaska 1999), and Alaska courts have adopted the framework set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to evaluate whether a plaintiff has a claim for retaliation under the Act, *Mahan v. Arctic Catering, Inc.,* 133 P.3d 655, 660 (Alaska 2006). To establish a *prima facie* case of retaliation, a

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. We review *de novo* a district court's grant of summary judgment. *Porter v. California Dep't of Corr.,* 419 F.3d 885, 891 (9th Cir.2005).

We view the evidence in the light most favorable to the non-moving party, making all reasonable inferences in his favor. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir.2002).

plaintiff must show that (1) he or she engaged in a protected activity, (2) the employer subjected the employee to an adverse employment action, and (3) there was a causal link between the protected activity and the employer's action. *Id.* at 919 (citing *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 730–31 (9th Cir.1986)); *Cornwell v. Electra Central Credit Union,* 439 F.3d 1018, 1034–35 (9th Cir.2006).

■■■ We agree with the district court that Taheri established a *prima facie* case of retaliation because he was terminated shortly after he complained to the Alaska State Commission for Human Rights that Evergreen was discriminating against him based on national original, race, religion, and age. We also agree that Evergreen met its burden of producing a non-discriminatory reason for terminating Taheri: that on three or more occasions he was found sleeping on the job. We conclude, however, that Taheri presented evidence raising a genuine factual dispute whether Evergreen's proffered reason for terminating him was pretextual.

The district court reached the opposite conclusion after determining that there was no evidence that Kegley was aware of other employees who slept at work but were not punished, and because other similarly situated employees had also been disciplined for sleeping on the job. In making this determination, the district court failed to consider the evidence in the light most favorable to Taheri. Instead, the court made a credibility determination that favored Kegley's account over that of Taheri and his coworkers. Taheri's evidence that sleeping on the job between shifts was rampant, practiced by employees and supervisors alike, and visible almost daily, calls into question Kegley's testimony that he was unaware that this practice was taking place. In addition, Taheri presented evidence that Kegley was involved in addressing Taheri's discrimination com-

plaint and was aware of Miller's retaliatory animus and threats, yet based his termination decision in part on Miller's June 5, 2000 disciplinary action. A reasonable jury could infer retaliatory motives from Kegley's ratification of Miller's actions. *See Winarto v. Toshiba Am. Elecs. Components, Inc.,* 274 F.3d 1276, 1284–85 (9th Cir.2001); *Miller v. Fairchild Industries, Inc.,* 885 F.2d 498, 505 (9th Cir.1989); *see also Galdamez v. Potter,* 415 F.3d 1015 (9th Cir.2005) ("Title VII may still be violated where the ultimate decision-maker, lacking individual discriminatory intent, takes an adverse employment action in reliance on factors affected by another decision-maker's discriminatory animus."); *Bergene v. Salt River Project Agric. Improvement & Power Dist.,* 272 F.3d 1136, 1141 (9th Cir.2001) ("Even if a manager was not the ultimate decisionmaker, that manager's retaliatory motive may be imputed to the company if the manager was involved in the [adverse employment] decision.").

Because Taheri produced evidence that established a genuine factual dispute whether his termination resulted from retaliation, Evergreen was not entitled to summary judgment.

REVERSED and REMANDED.

WALLACE, Circuit Judge, dissenting:

I would affirm the district court's summary judgment in favor of Evergreen. Taheri did not create a genuine issue of material fact disputing Kegley's nondiscriminatory reason for the termination.

Taheri may rely on circumstantial evidence to show that Evergreen's proffered reason for his discharge was pretextual, but that circumstantial evidence must be " 'specific' and 'substantial.' " *Winarto v. Toshiba Am. Elecs. Components, Inc.,* 274 F.3d 1276, 1284 (9th Cir.2001). Taheri's evidence is neither. Employees' general observations that many people slept on the

job do not directly dispute Kegley's specific statements that in his short time at Evergreen before becoming General Manager he did not witness any employees sleeping on the job, nor do the employees' accounts contradict the evidence that Kegley disciplined all those he discovered sleeping on the job once he became General Manager. Even viewing the employees' testimony in the light most favorable to Taheri, it does not create a genuine issue of material fact about Kegley's personal knowledge or show that Kegley himself knew of but failed to discipline other, similarly-situated employees who were sleeping on the job.

Kegley's own testimony and the evidence that Taheri was repeatedly warned and disciplined for sleeping on the job is undisputed and I would affirm the district court's summary judgment.